IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ANTOINETTE LEE                                                                                    PLAINTIFF

v.                                              Civil No. 4:22-cv-04102

ARKLA Chemical Corp. et al.                                                                DEFENDANTS

## REPORT AND RECOMMENDATION
## OF A UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendants Walter Felton and Holly Mound Land Co.'s Motion to Dismiss. ECF No. 8. This Moton was filed on November 23, 2022. On December 6, 2022, Plaintiff filed a response to this Motion. ECF No. 17.

This Motion has been referred to the undersigned for findings of fact, conclusions of law, and a recommendation for disposition. After consideration of this Motion, the Court finds it is well-taken and recommends it be **GRANTED.**

1. **Background**:

Plaintiff filed this action on October 18, 2022. ECF No. 1. In the present action, Plaintiff claims she is entitled to damages from "midstream oil operations which have occurred and continue to occur within the boundaries of this [her] protected land." ECF No. 2 at 6. Defendants deny these claims, and separate Defendants Holly Mound Land Co. and Walter Felton have moved to dismiss this action, claiming this Court is without subject matter jurisdiction over this action. ECF No. 8.

In response, Plaintiff claims this Court has federal question jurisdiction over this action pursuant to the U.S. Constitution and "two provisions from the 19th century relating to land patents." ECF No. 17. Plaintiff specifically alleges as follows: "Defendants have caused harm by deceitfully claiming ownership of land protected by a land patent. By claiming this protected land, the heirs of the grantee to the land patent have been stripped of all ownership rights and profit gained from any activity and/or conveyances." *Id.* at 2. The deed in dispute is dated April of 2003. *Id.* at 6.

2. **Applicable Law:**

To satisfy the requirements of Federal Rule of Civil Procedure 8(a), a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "In order to meet this standard and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (*quoting Ashcoft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (internal quotations omitted)). Although courts will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support those claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

3. **Discussion:**

This Court recommends Plaintiff's case be dismissed. For this case to proceed, Plaintiff has the burden of demonstrating this Court has subject matter jurisdiction. *See, e.g., Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001) (recognizing "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist"). Subject matter jurisdiction is broadly categorized as either federal question jurisdiction or diversity jurisdiction. Here, Defendant claims this Court lacks federal question jurisdiction as there is no federal issue raised in the Complaint, and the Court finds no such federal question jurisdiction exists. *See* 28 U.S.C. § 1331.

The Court notes that the claims made by Plaintiff, if cognizable at all, arise under Arkansas real estate law.[1] Here, Plaintiff has not alleged diversity of citizenship jurisdiction to allow this

---

[1] Plaintiff does not state any connection between the "19th Century patent" and Plaintiff's claim of having a property interest protected by a "land patent." A "land patent" from either the state or federal government to a piece of real estate "is equivalent to fee simple ownership." *Van Zelst v. Comm'r*, 100 F.3d 1259, 1261 (7th Cir. 1996).

Court to consider such a state law claim. *See* 28 U.S.C. § 1332 (requiring diversity of citizenship and an amount in controversy of $75,000).

Furthermore, even if diversity jurisdiction were to exist, this Court is still limited by the applicable Arkansas statute of limitations. As noted below, based on the facts as pled in the Complaint, any cause of action accruing to Plaintiff arose on August 10, 2003, when Defendant ARKLA transferred, by deed, the property at issue to Blue Sky Timber Properties. ECF No. 1, p. 7. Any claim based on the execution of the documents outlined in the Complaint is barred by Arkansas's three-year statute of limitations for fraud. *See* Ark. Code Ann. § 16-56-105 (2006). These documents were all filed of public record nearly twenty years ago in 2003; and Plaintiff has supplied no demonstration that limitations tolling should apply for any reason.

As Plaintiff acknowledges in her Complaint, these are publicly filed documents. There is no tolling and no argument of concealment with these facts as pled. *See, e.g., Hughes v. McCann,* 13 Ark. App. 28, 32, 678 S.W.2d 784, 786 (1984) (recognizing "filing for public record and concealment are mutually exclusive acts"). Accordingly, the Court finds Plaintiff's claims also are time-barred and should be dismissed.

4.  **Conclusion**:

Based upon the foregoing and because Plaintiff's potential claims do not convey subject matter jurisdiction to this Court and would be barred by the three-year statute of limitations in any event, the Court finds Defendants' Motion to Dismiss (ECF No. 8) should be **GRANTED**, and Plaintiff's case should be dismissed with prejudice. Accordingly, the Court also recommends denying Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 19).

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 19th day of January 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE