IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANTOINETTE LEE                                                                                        PLAINTIFF

v.                                           Case No. 4:22-cv-4102

ARKLA CHEMICAL CORP.; MARK THOMAS;
RED OAK OPERATING; SUSTAINABLE
FORESTS, L.L.C.; HOLLY MOUND LAND CO.; and
WALTER FELTON                                                                                    DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed January 19, 2023, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 25. Judge Bryant recommends that Separate Defendants' Motion to Dismiss (ECF No. 8) be granted.[1] Plaintiff has responded with objections. ECF No. 26. The Court finds the matter ripe for consideration.

### I. BACKGROUND

On October 18, 2022, Plaintiff filed this action, alleging generally that Defendants have illegally sold or otherwise conveyed real property that belongs to her. She claims that she is the rightful owner of the real property at issue because the property was conveyed to her ancestors through a land patent, and the language of the land patent states that the land is granted to the grantee, his heirs, or assignees forever. Plaintiff alleges that the Court has federal question jurisdiction over this case pursuant to the Constitution and the Homestead Act. ECF No. 7, at 4. Separate Defendants argue that this case should be dismissed because the Court lacks subject

---

[1] The Motion to Dismiss (ECF NO. 8) was filed by Defendants Walter Felton and Holly Mound Land Co. and later adopted by Defendant Sustainable Forests, L.L.C. ECF No. 29. In this Order, the Court uses the term "Separate Defendants" to collectively refer to Felton, Holly Mound Land Co., and Sustainable Forests, L.L.C.

matter jurisdiction.

## II.  STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C).  After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation."  *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  Generally, "objections must be timely and specific" to trigger *de novo* review.  *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).  However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation.  *Thomas v. Arn*, 474 U.S. 140, 154 (1985).  The Court must apply a liberal construction when determining whether *pro se* objections are specific.  *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

## III.  DISCUSSION

Judge Bryant recommends that this case be dismissed because the Court lacks subject matter jurisdiction.  The Court agrees with this recommendation.

The subject matter jurisdiction of this Court may derive from the citizenship of the parties, *see* 28 U.S.C. § 1332, a federal question posed by the lawsuit, *see* 28 U.S.C. § 1331, or

special circumstances covered by federal statute. Plaintiff alleges that federal question jurisdiction exists because her claims arise under the Constitution and the Homestead Act.[2] In her complaint, the only connection she draws between federal law and her claims is that "a land patent is derived from Treaty Law, and protected by the United States Constitution." ECF NO. 7, at 6. However, courts have universally held that a federal land patent is an insufficient basis for federal jurisdiction. *See, e.g.*, *Oneida Indian Nation of N.Y. v. Oneida Cnty., N.Y.*, 414 U.S. 661, 676-77 (1947) ("Once patent issues, the incidents of ownership are, for the most part, matters of local property law to be vindicated in local courts, and in such situations it is normally insufficient for 'arising under' jurisdiction merely to allege that ownership or possession is claimed under a United States patent."); *Corrigan v. Leclair*, 206 Fed. App'x 771, 773 (10th Cir. 2006) (deciding that because plaintiff's complaint asserts no basis for federal jurisdiction other than the fact his land was obtained via a federal land patent, the district court clearly lacked subject matter jurisdiction over his claims); *Virgin v. Cnty. of San Luis Obispo*, 201 F.2d 1141, 1143 (9th Cir. 2000) ("Federal land patents and acts of Congress do not provide bases for federal question jurisdiction."). Thus, Plaintiff has not shown that federal question jurisdiction exists. Accordingly, because the Court lacks subject matter jurisdiction, this case should be dismissed.

Plaintiff does have a pending motion to amend her complaint (ECF No. 19), and she asserts that her proposed amended complaint addresses "any question of federal jurisdiction." ECF No. 26, at 2. However, the Court has reviewed the proposed amended complaint and concludes that it suffers from the same deficiencies as the operative complaint. Although Plaintiff cites to 42 U.S.C. §§1983, 1985, and 1957 as additional bases for federal question jurisdiction, she does not connect these statutes and the Constitution to her claims other than stating that her claims revolve around a federal land patent. Thus, even if the Court were to

---

[2] The Court notes that Plaintiff does not allege that diversity jurisdiction exists.

consider Plaintiff's proposed amended complaint, the Court would reach the same conclusion as above. Plaintiff has not shown that federal question jurisdiction exists. Accordingly, the Court finds that Plaintiff's Motion to File Amended Complaint (ECF No. 19) should be denied.

## IV. CONCLUSION

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed above, the Court finds that Plaintiff has offered neither fact nor law which would cause the Court to deviate from Judge Bryant's Report and Recommendation. Therefore, the Court overrules Plaintiff's objections (ECF No. 26) and adopts the Report and Recommendation *in toto*. ECF No. 25. Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 19) is **DENIED**.[3] Separate Defendants' Motion to Dismiss (ECF No. 8) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 23rd day of February, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[3] Plaintiff has also filed an amended complaint (ECF No. 30) without leave of Court. Because plaintiff did not have the Court's permission to file the amended complaint, the Court **STRIKES** this amended complaint (ECF No. 30) from the record. *See* Fed. R. Civ. P. 15(a)(2).